*C. A. Hardin, for appellant.*
*Polk & Bro., for appellee.*

---

PARKER & HUDSON *v.* THE COMMOWEALTH.

**Appeal—Error in Refusing a Continuance.**

The appellate court, under section 334, Criminal Code, has no power to reverse a judgment of conviction in a prosecution for felony, because of error by the court below in refusing a continuance.

**Same—Instructions—Reasonable Doubt.**

An instruction by the court on reasonable doubt, which calls the attention of the jury to the consequences resulting from acquittal upon mere light and technical doubts, not growing out of the evidence, does not in itself authorize a reversal.

APPEAL FROM CALDWELL CIRCUIT COURT.

May 8, 1871.

OPINION OF THE COURT BY JUDGE LINDSEY:

This court having no power, under section 334 of the Criminal Code, to reverse a judgment of conviction in a prosecution for felony, because of error by the court below in refusing a continuance, it is not necessary that we should inquire into the sufficiency of the affidavits upon which the appellants based their motion.

The instructions given at the instance of the appellants were certainly as favorable to them as the law and facts warranted,

and were sufficient to so far qualify those given for the Common-wealth, as to bring them within the stricter construction of the rules of criminal procedure. We see no objection to the definition given by the circuit court to the term "reasonable doubt," and whilst it may be questionable as to whether the court should, as was done in the case of Graham, 16 B. Mon. 592, in addition to such definition, call the attention of the jury to the consequences resulting from acquittals upon mere light and technical doubts not growing out of the evidence. That fact of itself does not author-ize a reversal by this court. Instruction No. 6, asked for by appel-lants, was properly refused. It is not only abstract, but it assumes as true the important fact that there was no evidence before the jury even tending to corroborate the testimony of the witness, who testified as to statements or threats previously made by the appel-lant, Parker.

Perceiving no available error in the action of the court be-low, and having no power to reverse on account of the verdict not being supported by sufficient evidence, we must affirm the judg-ment appealed from.

*Duvall, for appellant.*
*Rodman, for appellee.*